PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PRIDE OF THE HILLS MFG, INC., *et al*., | ) | CASE NO. 5:09CV02764 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RANGE RESOURCES-APPALACHIA, LLC, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

Defendant Range Resources-Appalachia, LLC ("Range"), in its notice of removal, avers that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship and original jurisdiction, pursuant to 28 U.S.C. 1441(a). *See* ECF No. 1. The "original jurisdiction" averment is, however, belied by the absence of any federal question posed in either the complaint or counterclaim. ECF Nos. 1 at ¶ 5 and 5 at 21-31.

The complaint alleges that both Plaintiffs are Ohio corporations with principal places of business located in Holmes County, Ohio; and that "Range. . . is a Delaware limited liability company licensed to do business in the State of Ohio, with its principal place of business located at 125 State Route 43, Hartville, Stark County, Ohio." ECF No. 1-1 at ¶¶ 1-3. Range's notice of removal from the Common Pleas Court of Holmes County specifies:

9. There is complete diversity between Plaintiffs and Range Resources.

10. As alleged in the Complaint and upon information and belief, Plaintiffs are Ohio citizens and residents because they are Ohio corporations with their principal place of business in Ohio. *See* Ex. A, Complaint at ¶¶ 1-2.

(5:09CV02764)

        11.    Range Resources is not a citizen or resident of Ohio. It is a Delaware corporation with its principal place of business in a state other than Ohio.

ECF No. 1 at 2. Range's answer denies Plaintiffs' allegation that Range's principal place of business is in Stark County, Ohio (*compare* ECF No. 5 at ¶ 3 to ECF No. 1-1 at ¶ 3), and in its counterclaim, Range asserts that "Range is a Delaware corporation with its principal place of business located at 100 Throckmorton Street, Forth Worth, Texas 76102." ECF No. 5 at ¶ 66. Contradicting the assertion in Range's counterclaim, the "Master Service Agreement" (attached as Exhibit A to Range's counterclaim) which was created and entered into April 4, 2008 by and between the parties, identifies Range's address as "P.O. Box 550, 125 State Route 43, Hartville, OH 44632." ECF No. 5-1 at 2, Exhibit A.

        Under 28 U.S.C. § 1332(c)(1), for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state by which it has been incorporated <u>and</u> of the state where it has its principal place of business. *Hertz Corp. v. Friend*, 130 U.S. 1181, 1184 (2010). For complete diversity to exist, no adversary of a corporation may be a citizen of any state in which the corporation is incorporated or of the state in which it has its principal place of business. *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 Fed.Appx. 249, 250 (6th Cir. 2003). Section 1332(c) does not give a party the option of treating a corporation as a citizen of either the state of incorporation or the state where its principal place of business is located; rather, the statute treats a corporation as a citizen of both states. *See* 28 U.S.C. § 1332(c)(1).

        Although the parties did not raise the issue, the Court has "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "Federal courts are courts of limited

(5:09CV02764)

jurisdiction.  They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Range removed this case to federal court under dual theories of jurisdiction: 28 U.S.C. § 1441(a), which allows removal of civil actions "of which the district courts of the United States have original jurisdiction" and diversity of citizenship pursuant to 28 U.S.C. § 1332.  Because this case presents no federal question, removal depends entirely on diversity jurisdiction.  Article III of the Constitution authorizes federal jurisdiction in all controversies where the parties are "citizens of different states."  U.S. Const. art. III, § 2, cl. 1.

For the reasons outlined above, the Court's subject matter jurisdiction may be in jeopardy.  To assist the Court in resolving the question of whether diversity jurisdiction exists, by 4 p.m. on May 3, 2011, counsel shall jointly submit a statement clarifying the location of Range's principal place of business and reasserting the grounds for diversity jurisdiction.

IT IS SO ORDERED.

| April 26, 2011 | s/ *Benita Y. Pearson* |
|---|---|
| Date | United States District Judge |