PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PRIDE OF THE HILLS MFG. INC. *et al.*, | ) | CASE NO. 5:09CV02764 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RANGE RESOURCES-APPALACHIA, | ) | |
| LLC., | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** (Resolving ECF Nos. 50, 51, 52, |
| Defendant. | ) | 54, 55, 70, 72, 73) |

On September 2, 2011, the Court held a Final Pretrial Conference and orally resolved a

number of pending motions.  This Order documents the rulings made at the final pretrial hearing.

For the reasons explained during the final pretrial conference, and with the conditions and

caveats therein explained, the Court ruled as follows:

• ECF Nos. 50 and 51: The Court raised the question of whether complete
diversity existed.  ECF No. 50.  Counsel for both Plaintiffs and Defendants
responded.  ECF No. 51.  While Plaintiffs' contribution provides a Hartville, Ohio
address for Defendants and recounts interactions with Defendant's representatives
whom hail from that location, it does not sufficiently contradict Defendant's
showing that its principle place of business is in Fort Worth, Texas.  It is also
instructive that Plaintiff has not sought a remand, rather, as earlier indicated, the
Court raised the question of subject matter jurisdiction.  Based upon the responses
provided to its inquiry, the Court finds subject matter jurisdiction pursuant to
diversity jurisdiction existed at the time of removal.

• ECF No. 52: Counsel shall jointly revise the proposed jury instructions by
specifying alternative instructions to those objected to or making clear that a party
believes no instruction be given at all by 4:00 p.m. on September 9, 2011.

• ECF No. 54: Defendant's motion in limine to exclude evidence of Range's
wealth, financial status, and/or ability to pay invoice is granted.  Defendant's
objections based upon relevance and the substantial likelihood of prejudice are
sustained.  Defense counsel is on notice, however, that should Defendant "open
the door," this evidence may come in.

(5:09CV02764)

• ECF No. 55: Defendant's motion in limine to exclude expert opinion of William Roach is denied.  Defendant's objections go to the weight a jury might accord Roach's testimony.  None of the concerns raised are sufficient to exclude the anticipated testimony.  Plaintiffs' counsel has been warned to avoid asking questions that evoke legal opinions.

• ECF Nos. 68 and 70: The Court will fashion its own preliminary statement, relying, to the extent possible, on the Joint Preliminary Statement filed.  The Court finds unsatisfactory Defendant's proposal that the Court read the previously determined undisputed facts in accordance with Fed. R. Civ. P. 56(g) to the jury.  The Court is also not inclined to, at this time, enter an order barring Plaintiffs/Counterclaim-Defendants from contesting the undisputed facts at trial.  That issue may be resurrected if necessary.

• ECF No. 73: Defendant's motion in limine to exclude evidence of costs of raw materials barred by the Court's summary judgment opinion is granted.  Defense counsel is on notice that should Defendant "open the door," this evidence may come in.

In addition to the rulings above, the Court clarifies that the jury will be in session from 9:00 a.m. until 4:30 p.m.  Counsel should plan to be present in the courtroom from 8:30 a.m. until 5:00 p.m., thirty minutes before and after the jury.  Counsel should plan to work, as needed, during the lunch hour.  The Court will provide each juror a notebook for note-taking purposes that will be collected at the end of each court day.  At the conclusion of trial, the Court will destroy each juror's notes.

IT IS SO ORDERED.

September 6, 2011                              /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                              United States District Judge