PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PRIDE OF THE HILLS MFG. INC. *et al*., | ) | CASE NO. 5:09CV02764 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RANGE RESOURCES-APPALACHIA, LLC., | ) | **MEMORANDUM OF ORDER AND** |
| | ) | **OPINION** (Resolving ECF Nos.66, 69, |
| Defendant. | ) | 78) |

On September 9, 2011, the Court continued its final pretrial conference *via* telephone and resolved a number of pending matters.  This Order documents the ruling made during the final pretrial telephone conference.  For the reasons explained during the conference, and with the conditions and caveats therein discussed, the Court ruled as follows:

• ECF No. 66:  Plaintiffs' objections and proposed additional designation of deposition testimony to be presented at trial in response to Defendant's designation of deposition testimony is moot, as counsel anticipates that the witnesses described therein will testify at trial.

• ECF No. 69:  Defendant's objections to designations of Brad Litman's deposition regarding (1) page and line 23:12-31:15 and (2) page and line 39:20-41:15 are overruled.  Defendant's counter-designation regarding (1) page and line 32:3-34:21, (2) 35:14-35:25, and (3) 43:7-43:19 are moot because the entire deposition will be read at trial due to Brad Litman's expected absence from trial.  Defense counsel withdrew the objection to designation 45:5-46:7.  Defendant's objections to designations from Ray Frear's deposition are moot, as Witness Ray Frear is anticipated to testify at trial.

• ECF No. 78:  The Court notes Defendant's objection as to the Court's indication  that is it is "not inclined to, at this time, enter an order barring Plaintiffs/Counterclaim-Defendants from contesting the undisputed facts at trial[, determined in accordance with Fed. R. Civ. P. 56(g)]."  ECF No. 78.  The undisputed facts, when presented alone, suggest a skewed perspective of the case.  As earlier ruled, "[t]hat issue may be resurrected if necessary."  *Id*.

(5:09CV02764)

• Peremptory Challenges: In accordance with Local Civil Rule 47.4, each side is permitted to exercise three (3) peremptory challenges.  If counsel for either side passes a peremptory challenge, the pass will be treated as if the challenge has been exercised.  In the event that counsel consecutively passes the use of a peremptory challenge, then the jury as then constituted will be empaneled as the jury for the case.  The Court will seat six (6) jurors and two (2) alternate jurors.

• **Exhibits**: Counsel shall continue to work toward stipulating as to authenticity and admissibility.  Counsel shall notify the Court of an intention to use any demonstratives and/or exhibits during opening statements, in order to avoid unnecessary objections during opening statements.  Of course, if counsel agrees that a demonstrative or exhibit is not objectionable, there is no need to involve the Court.

IT IS SO ORDERED.

September 9, 2011 _____          _____/s/ Benita Y. Pearson_____
Date                                                    Benita Y. Pearson
                                                        United States District Judge